IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


AL S. FLETCHER,                             :

       Plaintiff,                         :

vs.                                         :    CIVIL ACTION  16-0199-CB-C

NURSE HARVEY, et al.,                       :

       Defendants.                        :

REPORT AND RECOMMENDATION


Plaintiff, an Alabama prison inmate proceeding pro se, filed a complaint under

42 U.S.C. § 1983 (Doc. ), together with a Motion to Proceed Without Prepayment of Fees

(Docs.  1, 2).  This action was referred to the undersigned pursuant to 28 U.S.C. §

636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R) for appropriate action.  It is recommended

that this action be dismissed without prejudice for Plaintiff's failure to pay the partial

filing fee.

Upon review of Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc.

2), the Court found that Plaintiff was required to pay a $5.50 partial filing fee.  On May

23, 2016, the Court ordered Plaintiff to pay the partial filing fee within 21 days (Doc. 3)

and no appeal of that order was filed.  Plaintiff was warned that his failure to comply

with the order within the prescribed time would result in the dismissal of his action.

Plaintiff has not paid the partial filing fee, nor has he otherwise responded to the

Court's order.

Due to Plaintiff's failure to comply with the Court's order and to prosecute this

action by paying the partial filing fee, the Court recommends that this action be dismissed without prejudice. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1389 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieved the orderly and expeditious disposition of cases."); *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (recognizing a district court's inherent power to enforce orders and provide for the efficient disposition of litigation); *Wilson v. Sargent*, 313 F.3d 1315, 1331-32 & n.7 (11th Cir. 2002) (holding that a prisoner's failure to pay the partial filing fee under § 1915 is a basis for dismissal); *see generally Betty K Agencies, Ltd. V. M/V Monada*, 432 F.3d 1333, 1337-38 (11th Cir. 2005) (discussing dismissals pursuant to the court's inherent power and dismissals based on Rule 41(b) of the Federal Rules of Civil Procedure, and concluding that only a dismissal *with prejudice* requires findings of contumacious conduct and that lesser sanctions will not suffice).

In the present action, if plaintiff disputes the finding of failure to pay the partial filing fee and wants to proceed with the litigation of his action, he shall set forth in an objection to the report and recommendation the reasons for his failure to pay. *Wilson*, 414 F.3d at 1320 (citing to *Hatchet v. Nettles*, 201 F.3d 651, 654 (5th Cir. 2000) (finding that an objection to a recommendation is an acceptable means to ascertain the steps taken by a prisoner to comply with the order to a pay partial filing fee)).

### Notice of Right to File Objections

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in

it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 1st day of September, 2016.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE